UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN BASKERVILLE, individually and on their own behalf and on behalf of a class of similarly situated persons,<br><br>      Plaintiff,<br><br> v.<br><br>LM GENERAL INSURANCE COMPANY, Individually and d/b/a LIBERTY MUTUAL,<br><br>      Defendant. | Case No. _____ |

### NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant LM General Insurance Company removes the case captioned *Warren Baskerville v. LM General Insurance Company*, Case ID: 220900751 from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. LM General provides the following "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87, 89 (2014).

  1. On September 9, 2022, Plaintiff Warren Baskerville filed a putative class-action complaint—attached in Exhibit A, the "State Court File"—in the Court of Common Pleas of Philadelphia County. Plaintiff seeks declaratory relief and compensatory relief. Ex. A, State Court File, Compl. ¶¶ 70–130. Within those forms for relief, it appears Plaintiff asserts a claim for breach of contract and seeks special

damages. *E.g.*, *id.* ¶¶ 81, 84, 107, 117–18.

2. This Court has original subject-matter jurisdiction because (1) there is complete diversity of citizenship between Plaintiff and Defendant and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

3. LM General has also complied with all other removal requirements. So, removal to this Court is proper under 28 U.S.C. § 1441.

## BACKGROUND

4. Plaintiff alleges that an uninsured motorist rear-ended him on April 15, 2020 when Plaintiff "was operating a SEPTA bus while in the course of his employment." Ex. A, State Court File, Compl. ¶¶ 3–10. Plaintiff contends that LM General improperly denied him uninsured motorist benefits under his Pennsylvania personal automobile policy. Plaintiff further alleges that LM General denied the uninsured motorist benefits because (1) the SEPTA bus was not an insured vehicle under the LM General policy and (2) the SEPTA bust was available for his "regular use," so it fell under an exclusion. *E.g.*, *id.* ¶¶ 13, 18. Plaintiff alleges two counts: (1) "Declaratory Relief" and (2) "Compensatory Relief." *E.g.*, *id.* ¶¶ 70, 94. Though not expressly stated, both counts appear to be based on a breach-of-contract claim. *See id.* ¶¶ 81, 84, 107, 117–18. Plaintiff seeks $100,000 in compensatory damages for stacked uninsured motorist benefits under the policy *Id.* ¶¶ 38, 121(a). He alleges those claims on his own behalf and on behalf of a putative class of Pennsylvania residents insured under LM General personal automobile policies. *Id.* ¶ 44.

5. Plaintiff filed his complaint on September 9, 2022 and served the complaint and summons on October 3, 2022. *See* Ex. A, State Court File, Summons & Compl. at p.34. Per 28 U.S.C. § 1446(a), LM General has attached true and correct copies of the summons and complaint, which is the only process, pleading, or order that Plaintiff served on LM General in the state-court case. *See* Ex. A at pp.3–32, 34–

37.

## GROUNDS FOR REMOVAL

6.　　This case satisfies the requirements for traditional diversity subject-matter jurisdiction because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* § 1332(a).

## I.   THE COURT HAS DIVERSITY SUBJECT-MATTER JURISDICTION.

7.　　This Court has diversity subject-matter jurisdiction because the parties are completely diverse and Plaintiff seeks at least $100,000 in damages.

### A.   The parties are completely diverse.

8.　　Plaintiff alleges he is a citizen and resident of Pennsylvania. Ex. A, State Court File, Compl. ¶ 1.[1]

9.　　LM General is incorporated in Illinois and has its principal place of business in Boston, Massachusetts.[2] So LM General is a citizen of Illinois and Massachusetts—and it was a citizen of those states when Plaintiff filed his Complaint on September 9, 2022. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010); *see also* 28

---

[1] Unnamed putative class members are not considered for purposes of traditional diversity jurisdiction. *Spine Care Delaware, LLC v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 574938, at *2 (D. Del. Jan. 26, 2018) ("The Supreme Court, in *Devlin v. Scardelletti*, held nonnamed class members cannot defeat complete diversity because they are not considered a party when assessing jurisdiction."). But even if the Court did consider them, it would not defeat complete diversity. The putative class is comprised only of "residents of the Commonwealth of Pennsylvania." Ex. A, State Court File, Compl. ¶ 46. While the Complaint does not allege the absent putative class members' citizenships, "[i]t is assumed . . . that a person's current residence is also his domicile." WRIGHT & MILLER, *The Requirement and Meaning of Citizenship—Determination of a Person's Domicile*, 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.) (citing cases); *see also Capato ex rel. B.N.C. v. Comm'r Soc. Sec.*, 532 F. App'x 251, 253 (3d Cir. 2013) (noting current residence is "prima facie evidence" of domicile). So even if the Court considers citizenship of absent putative class members, they are presumed to be citizens of Pennsylvania.

[2] Plaintiff alleges LM General has its principal place of business in Mishawaka, Indiana. Ex. A, State Court File, Compl. ¶ 3. Though this is incorrect, it does not affect the complete-diversity requirement under Section 1332(a) because LM General would be a citizen of Illinois and Indiana, not Pennsylvania like Plaintiff. *See Hertz Corp.*, 559 U.S. at 93.

3

U.S.C. § 1332(c)(1) (for diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."). Because the parties are completely diverse, the diversity-of-citizenship prong is satisfied. *France v. Bernstein*, 43 F.4th 367, 377 n.7 (3d Cir. 2022) (holding diversity jurisdiction existed in dispute between "a citizen of Maryland and . . . a citizen of Georgia").

### B. The amount in controversy exceeds $75,000.

10. The amount-in-controversy prong of Section 1332(a) is also satisfied because Plaintiff claims damages in an amount exceeding $75,000 exclusive of interest and costs Ex. A, State Court File, Compl. ¶¶ 38, 121(a). Plaintiff alleges $100,000 in compensatory damages, which satisfies the jurisdictional requirement. *Id. St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (for diversity jurisdiction, "the sum claimed by the plaintiff controls"); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) ("Indeterminacy of the amount to be recovered is therefore not sufficient to defeat diversity jurisdiction, and so it is immaterial that the Jumaras might eventually recover less than [the jurisdictional requirement] from State Farm.").

Because both prongs for diversity jurisdiction under Section 1332(a) are met, this Court has original subject-matter jurisdiction.

### II. LM GENERAL HAS SATISFIED ALL OTHER REQUIREMENTS.

11. LM General has also satisfied all other requirements for removal under 28 U.S.C. § 1446.

12. *Venue.* Venue is proper because Plaintiff filed the complaint in Philadelphia County and this Court sits in the federal judicial district embracing that county. *See* 28 U.S.C. §§ 1391, 1441(a), 1446(a); *id.* § 118(a); Ex. A. State Court File, Compl. p.1.

13. *Timeliness.* Plaintiff served LM General with the summons and complaint on October 3, 2022. LM General has filed this notice within 30 days of being served with the summons and complaint, so this notice is timely under 28 U.S.C. § 1446(b)'s 30-day deadline. *See* Ex. A. State Court File, at pp.34–37.

14. *Notice to adverse parties and state court.* Per 28 U.S.C. § 1446(d), LM General will promptly serve copies of this notice on Plaintiff's counsel and will file the notice with the clerk for the Court of Common Pleas of Philadelphia County. LM General will also separately file with this Court the required "Notice to the Plaintiff."

15. *Consent.* LM General is the only defendant.

16. *Other matters.* If Plaintiff opposes removal, LM General asks for the opportunity to submit briefing, argument, and additional evidence to show why removal is proper. LM General also reserves the right to amend or supplement this notice. By filing this notice, LM General does not waive or relinquish its right to assert any defense or objection to the complaint's merits or class treatment.

## CONCLUSION

The Court has subject-matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441, and 1446.

Dated: October 24, 2022         Respectfully submitted,

                                */s/ Tiffany Powers*
                                Tiffany Powers
                                (PA ID: 310263)
                                ALSTON & BIRD LLP
                                One Atlantic Center
                                1201 W Peachtree St NE, Suite 4900
                                Atlanta, GA 30309
                                Tel.: 404-881-7000
                                tiffany.powers@alston.com

                                Brigid Q. Alford
                                (PA ID: 38590)

5

Marshall Dennehey Warner Coleman & Goggin, P.C.
100 Corporate Center Drive
Suite 201
Camp Hill, PA 17011
Tel.: 717-651-3710
bqalford@mdwcg.com

*Attorneys for Defendant LM General Insurance Company.*

## CERTIFICATE OF SERVICE

I certify that on October 24, 2022, I electronically filed this notice of removal and supporting exhibits with the Clerk of the Court by using the Court's electronic filing system, which will send notification to all counsel of record.

/s/ Brigid Q. Alford
Brigid Q. Alford, Esq.
Attorney for Defendant