EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |

**SEPTEMBER 2022**

**000751**

E-Filing Number: 2209016773

*Filed and Attested by the Office of Judicial Records 26 SEP 2022 09:13 am B. MERCEDES*

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| WARREN BASKERVILLE | LM GENERAL INSURANCE COMPANY A/K/A/ D/B/A LIBERTY MUTUAL |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| 5367 W. MONTGOMERY AVENUE PHILADELPHIA PA 19131 | 100 LINCOLN WAY WEST MISHAWAKA IN 46544 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
| --- | --- | --- |
| 1 | 1 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
| --- | --- |
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration  ☐ Mass Tort  ☐ Commerce  ☐ Settlement<br>☐ Jury  ☐ Savings Action  ☐ Minor Court Appeal  ☐ Minors<br>☐ Non-Jury  ☐ Petition  ☐ Statutory Appeals  ☐ W/D/Survival<br>☒ Other:  CLASS ACTION |

| CASE TYPE AND CODE |
| --- |
| C1 - CLASS ACTION |

| STATUTORY BASIS FOR CAUSE OF ACTION |
| --- |
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
| --- | --- | --- |
| | **FILED PRO PROTHY** SEP **09** 2022 **I. LOWELL** | YES          NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>WARREN BASKERVILLE</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| --- | --- |
| JAMES C. HAGGERTY | 1801 MARKET STREET SUITE 1100 PHILADELPHIA PA 19103 |
| PHONE NUMBER | FAX NUMBER | |
| (267)350-6600 | (215)665-8201 | |
| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| 30003 | jhaggerty@hgsklawyers.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| *JAMES HAGGERTY* | Friday, September 09, 2022, 01:57 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

Case ID: 220900751

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
PENNSYLVANIA

Filed and Attested by the
Office of Judicial Records
08 SEP 2022 09:13 pm
B. MERCEDES

WARREN BASKERVILLE                              :
INDIVIDUALLY AND ON BEHALF OF A                 :
CLASS OF SIMILARLY SITUATED PERSONS             :
5367 W. Montgomery Avenue                       :
Philadelphia, PA 19131                          :
                                                :
                                                :
            vs.                                 :        TERM, 2022
                                                :        No.
LM GENERAL INSURANCE COMPANY,                   :
Individually and d/b/a LIBERTY MUTUAL           :
100 Lincoln Way West                            :
Mishawaka, IN 46544                             :

## NOTICE TO PLEAD

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.   You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.   You may lose money or property or other rights important to you. | Le han demando a usted en la corte.  Si usted quiere defenderse de estas demandos expuestas en las páginas sigiuentes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.   Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en corte suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.   Usted puede perder diner o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.   IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 Telephone: 215-238-1701 | ASOCIACIÓN DE LA LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Teléfono: 215-238-1701 |

Case ID: 220900751

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
PENNSYLVANIA

WARREN BASKERVILLE     :
INDIVIDUALLY AND ON BEHALF OF A :
CLASS OF SIMILARLY SITUATED PERSONS :
5367 W. Montgomery Avenue   :
Philadelphia, PA 19131    :
           :
    vs.     :  TERM, 2022
           :  No.
LM GENERAL INSURANCE COMPANY, :
Individually and d/b/a LIBERTY MUTUAL :
100 Lincoln Way West    :
Mishawaka, IN 46544    :

## CIVIL ACTION – CLASS ACTION COMPLAINT

### Parties

1. The plaintiff, Warren Baskerville, is an adult individual citizen and resident of the Commonwealth of Pennsylvania, residing at 5367 W. Montgomery Avenue, Philadelphia, PA 19131.

2. At all times material hereto, the plaintiff, Warren Baskerville, resided with his wife, Patricia Reid-Baskerville, and their son, Brandon Baskerville, at 5367 W. Montgomery Avenue, Philadelphia, PA 19131.

3. The defendant, LM General Insurance Company ("LM General"), is a corporation organized and existing in the State of Illinois, with its principal place of business in Mishawaka, Indiana, being duly authorized to and regularly and routinely conducting business in the Commonwealth of Pennsylvania.

4. The present action seeks declaratory relief and compensatory contractual uninsured motorist benefits on behalf of the individual plaintiff, Warren Baskerville, and on behalf of a class

**1**

Case ID: 220900751

of similarly situated persons, under Insurance Policies issued by the defendant, LM General, in the Commonwealth of Pennsylvania.

5.      The defendant, LM General, regularly and routinely conducts business in the City and County of Philadelphia, Pennsylvania.

## Insurance Coverage

6.      At all times material hereto, there existed, in full force and effect, a Pennsylvania Automobile Insurance Policy (No. AOS-281-477391-7000) ("Baskerville Policy") issued by the defendant, LM General, to Warren Baskerville and Patricia Reid-Baskerville, providing coverage in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. ("MVFRL" or "Financial Responsibility Law"). A true and correct copy of the Baskerville Policy is not attached because LM General has refused to provide a complete copy of the same.

7.      The Baskerville Policy issued provides, *inter alia*, $25,000.00/$50,000.00 in stacked uninsured motorist coverage for four (4) vehicles.

## Accident

8.      On April 15, 2020, at approximately 9:40 a.m., the plaintiff, Warren Baskerville, was operating a SEPTA bus while in the course and scope of his employment, was stopped for a red traffic light on 5th Street at its intersection with Fisher Avenue in Philadelphia, PA.

9.      At the above time and place, defendant, Eli Simmons, was operating a 2005 Ford F-250 truck negligently entrusted to him by defendant, Shiquille McPherson, which violently collided with the rear of the bus operated by the plaintiff, Warren Baskerville.

10.     As a result of the collision, the plaintiff, Warren Baskerville, sustained serious and permanent injuries.

2

Case ID: 220900751

11.     The serious and permanent injuries sustained by Warren Baskerville were caused by the negligence and carelessness of Eli Simmons and Shiquille McPherson.

**Tort Claim**

12.     Following the motor vehicle accident, the plaintiff, Warren Baskerville, made claim upon Eli Simmons and Shiquille McPherson for recovery of damages in tort.

13.     At the time of the April 15, 2020 collision, there was no Personal Automobile Policy issued to either Eli Simmons or Shiquille McPherson providing coverage in accordance with the requirements of the MVFRL for the vehicle involved in the collision.

14.     Eli Simmons is an uninsured motorist as defined by the Baskerville Policy and the MVFRL.

15.     The vehicle operated by Eli Simmons and owned by Shiquille McPherson is an uninsured motor vehicle as defined by the Baskerville Policy and the MVFRL.

**Uninsured Motorist Claim (Baskerville Policy)**

16.     Following the April 15, 2020 motor vehicle accident, the plaintiff, Warren Baskerville, made claim upon the defendant, LM General, for recovery of uninsured motorist benefits under the Baskerville Policy.

17.     Following receipt of the claim for recovery of uninsured motorist benefits, the defendant, LM General, denied the claim.

18.     In this regard, by letter dated June 29, 2020, Kimberly Vadino of the Claims Department of the defendant, LM General, issued a letter stating, in pertinent part:

> We have completed our coverage investigation and have determined there is no Uninsured Motorist coverage available to your client since he was operating a Septa bus at the time of the loss which is available for his regular use.

A true and correct copy of the June 29, 2020 correspondence is attached hereto as Exhibit

**3**

"A".

19.     Thereafter, on October 22, 2021, the Pennsylvania Superior Court in Rush v. Erie Ins. Exchange, 265 A.3d 794 (Pa. Super. 2021) affirmed the trial court's ruling and found the regular use exclusion violative of the MVFRL.

20.     Following the decision in Rush, counsel for the plaintiff, Warren Baskerville, wrote to the defendant, LM General, requesting that they reconsider their previously stated coverage position.

21.     In this regard, by correspondence dated November 8, 2021, counsel for the plaintiff, Warren Baskerville,  wrote to Kimberly Vadino of the Claims Department for defendant, LM General, stating:

> Good Morning,
> Last week, the PA Superior Court invalided [sic] the 'Regular Use Exclusion.' The applicable case is attached.  Please re-open your file and let me know what materials you require to evaluate this matter.
> Thanks,

A true and correct copy of the November 8, 2021 correspondence is attached here as Exhibit "B"

22.     Thereafter, more than three months after counsel for the plaintiff, Warren Baskerville, had requested that the defendant, LM General,  review the Rush decision and reconsider its denial of the claim for uninsured motorist benefits,  defendant, LM General, again reiterated its position and again relied on the regular use exclusion to deny coverage for the uninsured motorist claim.

23.     In this regard, by letter dated January 26, 2022,  Kimberly Vadino of the Claims Department for the defendant, LM General, stated in part:

> Based upon the information available to date, the grounds for the denial of coverage under the Policy, or under applicable law, with respect to the claim, include, but are not limited to, the following:

4

Case ID: 220900751

- We do not provide Liability Coverage for the ownership, maintenance or use of any vehicle, other than "your covered auto," which owned by you or furnished or available for your regular use. Since such a vehicle was involved in this matter, there is no coverage. Accordingly, we must regretfully deny your claim for UM benefits in relation to the subject accident, since the regular use exclusion, quote above, applies to the facts of your claim, and operated to preclude coverage for the reported claim.

- In reaching this decision, we have of course taken into consideration the decision recently issued by a Superior Court panel in the case of Rush v. Erie Ins. Exchange, 2021 WL 4929434 (Pa. Super. 2021) which conflictions with existing Pennsylvania Supreme Court precedent. Further review by the Courts is pending at this time. We are continuing to monitor this use and the developing caselaw.

  Based on these grounds, there is no insurance coverage available for the claim. While we have sought to identify and address above all relevant insurance coverage consideration, the foregoing specificity is not intended and should not be construed as a waiver of any other right or basis which we may have to deny coverage, and we reserve all rights in this regard.

A true and correct copy of the January 26, 2022 correspondence is attached hereto as Exhibit "C".

24.      The defendant, LM General, has refused to withdraw the disclaimer of coverage despite the fact that the denial and disclaimer of coverage premised upon the regular use exclusion is violative of the MVFRL.

**Eligibility to Recover**

25.      The Insuring Agreement of the Uninsured Motorist Coverage part of the Baskerville Policy provides, in pertinent part:

> A.      We will pay compensatory damages which an "insured" is legally entitled to recover from the owners or operator of an "uninsured motor vehicle" because of "bodily injury:"
> 1.      Sustained by an "insured;" and
> 2.      Caused by an accident.

See the Baskerville Policy at the Uninsured Motorists Coverage Section.

26.      Under the Baskerville Policy, "insured" is defined as:

Case ID: 220900751

1. You or any "family member."
2. Any other person "occupying" "your covered auto"."
3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

See the Baskerville Policy at the Uninsured Motorists Coverage Section.

27. The Baskerville Policy defines "you" as the "named insured" shown in the Declarations. See the Baskerville Policy at the Uninsured Motorists Coverage Section.

28. The plaintiff, Warren Baskerville is a named insured identify in the Declarations; therefore, the plaintiff, Warren Baskerville, is an insured person for purposes of recovery of uninsured motorist benefits under the Baskerville Policy.

29. The plaintiff, Warren Baskerville, is eligible to recover uninsured motorist benefits under the Baskerville Policy.

30. Under the Baskerville Policy, "uninsured motor vehicle" is defined, *inter alia*, as follows:

C. Uninsured motor vehicle means a land motor vehicle or trailer of any type:
1. To which no bodily injury liability bond or policy applies at the time of the accident.

See the Baskerville Policy at the Uninsured Motorists Coverage Section.

31. The plaintiff, Warren Baskerville is an insured for purposes of uninsured motorist coverage under the Baskerville Policy.

32. Eli Simmons is an uninsured motorist as defined by the Baskerville Policy and the MVFRL.

33. The vehicle operated by Eli Simmons and owned by Shiquille McPherson is an uninsured motor vehicle as defined by the Baskerville Policy and the MVFRL.

34. The plaintiff, Warren Baskerville is eligible for recovery of stacked uninsured

6

Case ID: 220900751

motorist benefits under the Baskerville Policy.

## Amount of Recovery

35.     The MVFRL requires uninsured motorist coverage to be provided in limits equal to the liability coverage of the policy unless the named insured elects lower limits in accordance with the mandate of the statute.

36.     Section 1731 of the MVFRL provides, in pertinent part:

> **(a) Mandatory offering.** – No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are offered therein or supplemental thereto in amounts as provided in section 1734 (relating to request for lower limits of coverage).
> . . . .

75 Pa.C.S.A §1731.

37.     The Baskerville Policy issued by the defendant, LM General, provides $25,000.00/$50,000.00 stacked uninsured motorist coverage for four (4) vehicles.

38.     Therefore, the plaintiff, Warren Baskerville, is entitled to recover up to $100,000.00 in stacked uninsured motorist benefits from the defendant, LM General, under the Baskerville Policy.

## Disclaimer of Coverage

39.     The denial and disclaimer of uninsured motorist coverage under the Baskerville Policy was based upon the regular use exclusion contained in that policy.

40.     The regular use exclusion contained in the Baskerville Policy provides:

> However, "uninsured motor vehicle" does not include any vehicle or equipment:
>
> 1.  Owned by or furnished for the regular use of you or any "family member".

7

Case ID: 220900751

See the Baskerville Policy at the Uninsured Motorists Coverage Section.

41.     The regular use exclusion in the defendant, LM General's, policy is void and unenforceable since it is violative of the extension of coverage required by the MVFRL. See <u>Rush v. Erie Ins. Exchange</u>, 265 A.3d 794 (Pa. Super. 2021).

<b><u>Class Action Allegations</u></b>

42.     The plaintiff, Warren Baskerville, brings this action individually and on behalf of a class of similarly situated persons as a class action pursuant to the Pennsylvania Rules of Civil Procedure.

43.     The defendant, LM General, has continuously, systematically, wrongfully and wantonly denied and/or failed to acknowledge the availability uninsured and underinsured motorist coverages under policies issued in accordance with the requirements of the MVFRL by reason of the regular use exclusion.

44.     The plaintiff, Warren Baskerville, seeks to represent a class of persons injured in motor vehicle accidents from 1990 to the present as a result of the negligence of an uninsured or an underinsured motorist who were insureds under Automobile Policies providing uninsured and/or underinsured motorist coverage in accordance with the MVFRL and where: (a) the named insured had uninsured and underinsured motorist coverage; (b) a claim was made for recovery of uninsured and/or underinsured motorist coverage under the policy; and, (c) the claim for recovery of uninsured or underinsured motorist coverage was denied by reason of the regular use exclusion.

45.     The plaintiff, Warren Baskerville, reserves the right to amend the definition and/or identify subclasses upon completion of class certification.

46.     The putative class is limited to residents of the Commonwealth of Pennsylvania in numbers sufficient to allow class certification.

Case ID: 220900701

47.     The members of the class are so numerous that joinder of them is impracticable.

48.     Identification of the members of the class can be ascertained in and through discovery of the files and/or computer data base of the defendant, LM General.

49.     A class action is the only practicable means available for the members of the class to pursue the appropriate remedies and receive the necessary uninsured and/or underinsured motorist benefits under the policies of insurance in question.

50.     A class action is the only practicable means available to prevent the defendant, LM General, from engaging in the continuous and systematic illegal and unlawful conduct under the MVFRL and to remedy the harm created by this illegal and unlawful conduct.

51.     The questions of law and fact are common to the members of the class which the plaintiff, Warren Baskerville, seeks to represent.

52.     The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

53.     The common questions of law and fact which control this litigation predominate over any individual issues include, but are not limited to:

(a)     Each member of the class suffered injury as a result of the negligence of an uninsured and/or underinsured motorist;

(b)     Each member of the class is eligible as a named insured or an insured to recover uninsured and/or underinsured motorist benefits under a policy of insurance issued by the defendant, LM General, which provided uninsured and/or underinsured motorist coverage in accordance with the MVFRL;

(c)     Under each  policy, a named insured or an insured made claim for recovery of uninsured and/or underinsured motorist benefits;

(d)     Under each policy, the claim for recovery of uninsured and/or underinsured motorist benefits was denied by reason of the regular use exclusion contained in the policy;

9

Case ID: 220900751

(e)    The denial and disclaimer of uninsured and/or underinsured motorist coverage by reason of the regular use exclusion is illegal and violative of the terms and provisions of the MVFRL;

(f)    Each member of the class is entitled to a declaration that he or she is eligible to recover uninsured and/or underinsured motorist benefits under the policy of insurance issued by the defendant, LM General, under which claim has been made;

(g)    Each member of the class is eligible to recover uninsured and/or underinsured motorist benefits under the policy of insurance issued by the defendant, LM General, under which claim has been made.

54.    The plaintiff, Warren Baskerville, is a member of the class that he seeks to represent.

55.    The claims of the plaintiff, Warren Baskerville, are typical of the claims of other members of the class which he purports to represent.

56.    The plaintiff, Warren Baskerville, is well qualified to act as class representative.

57.    The plaintiff, Warren Baskerville, will fairly and adequately protect the interests of the members of the class.

58.    The plaintiff, Warren Baskerville, has no interest that is adverse or antagonistic to the interests of the members of the class.

59.    The plaintiff, Warren Baskerville, is committed to prosecuting the class action.

60.    The plaintiff, Warren Baskerville, has retained competent counsel who are experienced in litigation of this nature.

61.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

62.    Joinder of all class matters is impracticable and the likelihood of individual class members prosecuting separate claims is remote due to the fact that the members of the class do not know that they are entitled to uninsured and/or underinsured motorist coverage.

10

63.     The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

64.     It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

65.     The plaintiff, Warren Baskerville, anticipates no difficulty in the management of this action as a class action.

66.     The class action brought by the plaintiff, Warren Baskerville, is a convenient and proper forum in which to litigate the claim.

67.     The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations that could confront the defendant, LM General, with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

68.     Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

69.     Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of the defendant, LM General.

**COUNT I**
**(Declaratory Relief – Individual and Class Claims)**

70.     The plaintiff, Warren Baskerville, hereby incorporates by reference the foregoing Paragraphs 1 through 69 of this Complaint as though same were fully set forth herein.

71.     The plaintiff, Warren Baskerville, was injured in a motor vehicle collision with an uninsured motorist operating an uninsured motor vehicle on April 15, 2020.

72.     On the date of said motor vehicle collision, the Baskerville Policy was in full force

**11**

Case ID: 220900751

and effect.

73.     The plaintiff, Warren Baskerville, is eligible for recovery of uninsured motorist coverage under the Baskerville Policy.

74.     The Baskerville Policy provides $25,000.00/$50,000.00 in stacked uninsured motorist coverage for four vehicles.

75.     As a named insured under the Baskerville Policy, the plaintiff, Warren Baskerville, is eligible for recovery of uninsured motorist benefits from the defendant, LM General, for any damages caused by the uninsured motorist, Eli Simmons.

76.     Each member of the class is entitled to recover uninsured and/or underinsured motorist benefits under the applicable policy.

77.     Defendant, LM General, has denied and disclaimed coverage for uninsured motorist benefits to the plaintiff, Warren Baskerville, under the Baskerville Policy by reason of the regular use exclusion contained in said Policy.

78.     The defendant, LM General, has denied and disclaimed coverage to each member of the class by reason of the regular use exclusion.

79.     The regular use exclusion is void and unenforceable since it is violative of the extension of coverage required by the MVFRL.  See  Rush v. Erie Ins. Exchange, 265 A.3d 794 (Pa. Super. 2021).

80.     The defendant, LM General, has wrongfully, willfully and wantonly refused to provided stacked uninsured motorist coverage to the plaintiff, Warren Baskerville, under the Baskerville Policy; the refusal of defendant, LM General, to make stacked uninsured motorist coverage available to the Plaintiffs is unlawful, illegal and in wanton and willful disregard of the rights of the plaintiff.

**12**

81.     The denial and disclaimer of uninsured motorist coverage to the plaintiff, Warren Baskerville, under the Baskerville Policy is a material breach of that Policy.

82.     The denial and disclaimer of uninsured motorist coverage to the plaintiff, Warren Baskerville, under the Baskerville Policy is in direct violation of the specific terms and provisions of the MVFRL.

83.     The refusal of the defendant, LM General, to make uninsured and/or underinsured motorist coverage available to the members of the class is in violation of the specific terms of the MVFRL.

84.     The denial and disclaimer of uninsured and/or underinsured motorist benefits to each member of the class is a wrongful, wanton and willful breach of each policy of insurance providing uninsured and/or underinsured motorist coverage issued by the defendant, LM General.

85.     The defendant, LM General, has acted wantonly, willfully and in reckless disregard of the rights of the plaintiff, Warren Baskerville.

86.     The defendant, LM General, has acted wantonly, willfully and in reckless disregard of the rights of each member of the class.

87.     The plaintiff, Warren Baskerville, is entitled to a declaration that he is eligible to recover stacked uninsured motorist coverage under the Baskerville Policy in connection with the aforesaid motor vehicle collision.

88.     Each member of the class is entitled to a declaration that he and/or she is eligible to recover stacked uninsured and/or underinsured motorist coverage under the pertinent policy of insurance issued by the defendant, LM General.

89.     The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

Case ID: 220900751

90.     The controversy involves substantial rights of the parties to the action.

91.     A judgment of this court in this action will also be useful for the purpose of clarifying and settling the legal relations at issue between the parties.

92.     A judgment of this court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

93.     The plaintiff, Warren Baskerville, and members of the class are entitled to counsel fees as a result of the vexatious and obdurate conduct of the defendant, LM General, in the handling and defense of their uninsured and/or underinsured motorist claims under the Baskerville Policy.

WHEREFORE, Plaintiff, Warren Baskerville, respectfully request that the Court enter an Order:

(a)     declaring that the regular use exclusion which forms the basis of the denial and disclaimer of coverage by the defendant, LM General Insurance Company, is void and unenforceable as violative of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.;

(b)     declaring that the plaintiff, Warren Baskerville, is eligible to recover uninsured motorist benefits from Defendant, LM General Insurance Company, under the Baskerville Policy in connection with injuries sustained by the plaintiff, Warren Baskerville, in the April 15, 2020 motor vehicle collision;

(c)     declaring that each member of the class is eligible to recover uninsured and/or underinsured motorist coverage under the applicable policy providing stacked uninsured and/or underinsured motorist coverage;

(d)     awarding counsel fees and costs;

(e)     such other relief as the court deems appropriate.

**14**

Case ID: 220900751

**COUNT II**
**(Compensatory Relief – Individual and Class Claims)**

94.     The plaintiff, Warren Baskerville, hereby incorporates by reference the foregoing

Paragraphs 1 through 93 of this Complaint as though same were fully set forth herein.

95.     The Insuring Agreement of the Uninsured Motorist Coverage part of the

Baskerville Policy provides, in pertinent part:

> A.      We will pay compensatory damages which an "insured" is legally entitled
> to recover from the owners or operator of an "uninsured motor vehicle"
> because of "bodily injury:"
> 1.     Sustained by an "insured;" and
> 2.     Caused by an accident.

See the Baskerville Policy at the Uninsured Motorists Coverage Section.

96.     Under the Baskerville Policy, "insured" is defined as:

> 1.     You or any "family member."
> 2.     Any other person "occupying" "your covered auto"."
> 3.     Any person for damages that person is entitled to recover because of "bodily
> injury" to which this coverage applies sustained by a person described in 1.
> or 2. above.

See the Baskerville Policy at the Uninsured Motorists Coverage Section.

97.     The Baskerville Policy defines "you" as the "named insured" shown in the

Declarations.  See the Baskerville Policy at the Uninsured Motorists Coverage Section.

98.     The plaintiff, Warren Baskerville is a named insured identify in the Declarations;

therefore, the plaintiff, Warren Baskerville, is an insured person for purposes of recovery of

uninsured motorist benefits under the Baskerville Policy.

99.     The plaintiff, Warren Baskerville, is eligible to recover uninsured motorist benefits

under the Baskerville Policy.

100.    Under the Baskerville Policy, "uninsured motor vehicle" is defined, *inter alia*,  as

Case ID: 220900751

follows:

C. Uninsured motor vehicle means a land motor vehicle or trailer of any type:
1. To which no bodily injury liability bond or policy applies at the time of the accident.

See the Baskerville Policy at the Uninsured Motorists Coverage Section.

101. The plaintiff, Warren Baskerville is an insured for purposes of uninsured motorist coverage under the Baskerville Policy.

102. Eli Simmons is an uninsured motorist as defined by the Baskerville Policy and the MVFRL.

103. The vehicle operated by Eli Simmons and owned by Shiquille McPherson is an uninsured motor vehicle as defined by the Baskerville Policy and the MVFRL.

104. The plaintiff, Warren Baskerville is entitled and eligible to recover stacked uninsured motorist benefits under the Baskerville Policy.

105. The plaintiff, Warren Baskerville, sustained serious and permanent personal injury in the April 15, 2020 motor vehicle accident as a result of the negligence and carelessness of the uninsured motorist, Eli Simmons.

106. The negligence and carelessness of Eli Simmons consisted of, inter alia:

(a) following too closely;

(b) failing to maintain an assured clear distance;

(c) failing to keep a proper lookout;

(d) failing to maintain control of his vehicle;

(e) violently driving his vehicle into the vehicle operated by Warren Baskerville;

(f) violating the statutes and ordinances applicable to the operation of motor vehicles;

Case ID: 220900751

(g)     being otherwise negligent in law or in fact.

107.    In the April 15, 2020 motor vehicle accident, the plaintiff, Warren Baskerville, sustained, *inter alia*, injuries to his neck, right clavicle, right shoulder and back, causing and/or aggravating cervical and lumbar disc protrusion type herniations with radiculopathy, requiring injections, together with various other injuries, the exact extent of which are unknown at this time, but which may be of a permanent nature with disability and loss of function.

108.    The serious and permanent injuries sustained by the plaintiff, Warren Baskerville, were a direct result of the negligence and carelessness of Eli Simmons and Shiquille McPherson.

109.    The defendant, LM General, has wrongfully, willfully and wantonly refused to provide stacked uninsured motorist coverage to the plaintiff, Warren Baskerville.

110.    The refusal of the defendant, LM General, to make uninsured motorist coverage available to the plaintiff, Warren Baskerville, under the Baskerville Policy is unlawful, illegal and in wanton and willful disregard of the rights of the plaintiff, Warren Baskerville.

111.    The denial and disclaimer of uninsured motorist coverage to the plaintiff, Warren Baskerville, under the Baskerville Policy is in direct violation of the specific terms and provisions of the MVFRL.

112.    Each member of the class suffered injury as a result of the negligence and carelessness of an uninsured or underinsured motorist.

113.    The defendant, LM General, denied uninsured and/or underinsured motorist benefits to each member of the class under a policy providing stacked coverage by reason of the regular use exclusion.

114.    The refusal of the defendant, LM General, to make uninsured and/or underinsured motorist coverage available to the members of the class is in violation of the specific terms of the

**17**

Case ID: 220900751

MVFRL.

115.    The denial and disclaimer of uninsured and/or underinsured motorist benefits to each member of the class is a wrongful, wanton and willful breach of each policy of insurance providing uninsured and/or underinsured motorist coverage issued by the defendant, LM General.

116.    The defendant, LM General, has acted wantonly, willfully and in reckless disregard of the rights of the plaintiff, Warren Baskerville.

117.    The defendant, LM General, has acted wantonly, willfully and in reckless disregard of the rights of each member of the class.

118.    As a result of the negligence and carelessness of the uninsured motorist, the plaintiff, Warren Baskerville has suffered and will continue to suffer, throughout the course of his life, pain, restriction and disability.

119.    Each member of the class has suffered and may continue to suffer, throughout the course of his or her life, pain, restriction and disability as a result of the negligence and carelessness of an uninsured or underinsured motorist.

120.    As a result of the negligence and carelessness of the uninsured motorist, the plaintiff, Warren Baskerville, has sustained serious and permanent injuries which will worsen as he ages.

121.    As a result of the negligence and carelessness of uninsured motorist, the plaintiff, Warren Baskerville, will need ongoing care, therapy and rehabilitation.

122.    As a result of the negligence and carelessness of uninsured motorist, the plaintiff, Warren Baskerville, has sustained a loss of earnings and an impairment of earning capacity which is permanent and continuing.

123.    The plaintiff, Warren Baskerville, is entitled to recover uninsured motorist benefits under the Baskerville Policy for the injuries sustained in the April 15, 2020 motor vehicle accident.

Case ID: 220900751

124.   Each member of the class sustained injury in a motor vehicle accident as a result of the negligence and carelessness of an uninsured and/or underinsured motorist.

125.   Each member of the class has been denied uninsured and/or underinsured motorist benefits under a policy providing coverage with the denial being based upon the regular use exclusion.

126.   Each member of the class is entitled to recover uninsured and/or underinsured motorist benefits under the relevant policy under which she and/or she is an insured and/or named insured.

127.   The defendant, LM General, has breached the terms, agreements, promises and provisions of the Baskerville Policy by failing to make payment of stacked uninsured motorist benefits to the plaintiff, Warren Baskerville.

128.   The defendant, LM General, has breached the terms, agreements, promises and provisions of each policy of insurance under which each member of the class has made claim for recovery of uninsured and/or underinsured motorist benefits by failing to make payment of the stacked uninsured and/or underinsured motorist benefits in an amount which is fair, reasonable and compensates each member of the class for his and/or her loss.

129.   The plaintiff, Warren Baskerville, is eligible to recover uninsured motorist benefits from the defendant, LM General, under the Baskerville Policy.

130.   Each member of the class is entitled to recover uninsured and/or underinsured motorist benefits from the defendant, LM General, under the applicable policy.

WHEREFORE, the plaintiff, Warren Baskerville, respectfully requests that the Court enter an Order:

(a)   awarding $100,000.00 in uninsured motorist benefits to the plaintiff, Warren Baskerville, and against the defendant, LM General Insurance Company; and

Case ID: 220900751

(b)     awarding uninsured and/or underinsured motorist benefits to each member of the class against the defendant, LM General Insurance Company.

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.

BY:    /s/ James C. Haggerty
JAMES C. HAGGERTY, Esquire
I.D. # 30003
1801 Market Street, Suite 1100
Philadelphia, PA  19103
(267) 350-6600
FAX (215) 665-8197

SCHMIDT KRAMER P.C.

BY: /s/ Scott B. Cooper
SCOTT B. COOPER, Esq.
I.D. # 70242
209 State Street
Harrisburg, PA 17101
(717) 232-6300

SHUB LAW FIRM

BY:    /s/ Jonathan Shub
JONATHAN SHUB, Esquire
PA Attorney I.D. # 53965
134 Kings Highway East, 2nd Floor
Haddonfield, NJ  08033
(856) 772-7200

JACK GOODRICH & ASSOCIATES

BY: /s/ Jack Goodrich
JOHN P. GOODRICH, ESQUIRE
PA ATTORNEY I.D. #49648
429 Fourth Avenue
Pittsburgh, PA  15219
(412) 261-4663
Attorneys for Plaintiff

20

<u>VERIFICATION</u>

I, Warren Baskerville, state that the facts set forth in the Complaint are true and correct to the best of my knowledge, information and belief.  I understand that the statements are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.


BY: _____
Warren Baskerville

Case ID: 220900751

EXHIBIT A

Case ID: 220900751



 CONTACT US

**By Phone**
Toll Free: (800) 225-2467
Ext.        27507
Fax:        (888) 268-8840

**By E-mail**
kimberly.vadino@
libertymutual.com

**LM General Insurance Company**
P.O. Box 515097
Los Angeles, CA 90051-5097

**Visit us online**
LibertyMutual.com

July 29, 2020

Law Office of Todd B Jacobs LLC
30 S 17th St Ste 810
Philadelphia PA 19103-4003

Insured:            Patricia Reid-Baskerville
Claimant:           Warren Baskerville
Claim Number:       LA000-042864282-04
Date of Loss:       04/15/2020
Policy Number:      AOS-281-477391-70

Dear Mr. Jacobs,

We have completed our coverage investigation and have determined there is
no Uninsured Motorist coverage available to your client since he was
operating a Septa bus at the time of the loss which is available for his
regular use.

If you have any questions, please feel free to contact me at (513) 603-7137.

Sincerely,
Kimberly Vadino
Claims Department

Case ID: 220900751

EXHIBIT B

Case ID: 220900751

| From: | Todd Jacobs |
|---|---|
| To: | kimberly.valdino@libertymutual.com |
| Cc: | MYCASE.EMAIL (tbjacobslaw-jq5DDhzHA9@mycasemail.com) |
| Subject: | Warren Baskerville Claim: 042864282 |
| Date: | Monday, November 8, 2021 8:49:00 AM |
| Attachments: | Regular_Use_Invalidated.pdf |

Good Morning,

Last week, the PA Superior Court invalided the "Regular Use Exclusion."  The applicable case is attached.  Please re-open your file and let me know what materials you require to evaluate this matter.

Thanks,


TODD B. JACOBS, ESQ.
LAW OFFICES OF TODD B. JACOBS, LLC
AGGRESSIVE REPRESENTATION FOR THE INJURED
Co-Director, Philadelphia Trial Lawyers Association
30 S. 17th Street, Suite 810
Duane Morris Plaza
Philadelphia, PA 19103
Phone: 267-687-0379
**New** Fax: 267-538-1362



-

EXHIBIT C

Case ID: 220900751



 CONTACT US

**By Phone**
Direct:     (513) 603-7137
Toll Free: (800) 225-2467
Ext.        27507
Fax:        (888) 268-8840

**By E-mail**
kimberly.vadino@
libertymutual.com

**LM General Insurance Company**
P.O. Box 5014
Scranton, PA 18505-5014

**Visit us online**
LibertyMutual.com

January 26, 2022

Law Office of Todd B Jacobs LLC
30 S 17th St Ste 810
Philadelphia PA 19103-4003

| | |
|---|---|
| Insured: | Patricia Reid-Baskerville |
| Claimant: | Warren Baskerville |
| Claim Number: | LA000-042864282-04 |
| Date of Loss: | 04/15/2020 |
| Policy Number: | AOS-281-477391-70 |

Dear Todd Jacobs,

In response to your recent request that we reconsider our previously-stated coverage position in this matter, we have completed our review of insurance coverage for the above referenced Uninsured Motorist claim you presented on behalf of Warren Baskerville. As more fully described in this letter, based upon the known facts and review of the insurance policy issued to the above named insured, we must deny coverage for the claim.

You assert a claim for Uninsured Motorist coverage based upon Warren Baskerville being in the scope of his employment as a Septa bus driver, and the Septa bus being struck by an uninsured vehicle.

We will be determining our coverage obligations, if any, for the above-referenced claim under the following personal auto policy issued to Patricia Reid-Baskerville and Warren Baskerville:

Policy Number:.AOS28147739170

Effective Dates:.1/28/20-1/28/21

The applicable Policy forms and endorsements state in relevant part as follows:

Part C- Uninsured Motorist Coverage:

Insuring Agreement:

C. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

Case ID: 220900751



However, "uninsured motor vehicle" does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any "family member".

If you have any questions regarding the terms contained in the applicable Policy, you should refer to the Policy itself. To the extent there is any discrepancy between this letter and the Policy, the Policy controls.

OUR COVERAGE DETERMINATION

Based upon the information available to date, the grounds for the denial of coverage under the Policy, or under applicable law, with respect to the claim, include, but are not limited to, the following:

• .We do not provide Liability Coverage for the ownership, maintenance or use of any vehicle, other than "your covered auto," which is owned by you or furnished or available for your regular use.  Since such a vehicle was involved in this matter, there is no coverage.  Accordingly, we must regretfully deny your claim for UM benefits in relation to the subject accident, since the regular use exclusion, quoted above, applies to the facts of your claim, and operates to preclude coverage for the reported claim.


• .In reaching this decision, we have of course taken into consideration the decision recently issued by a Superior Court panel in the case of Rush v. Erie Ins. Exchange, 2021 WL 4929434 (Pa. Super. 2021) which conflicts with existing Pennsylvania Supreme Court precedent.  Further review by the Courts is pending at this time.  We are continuing to monitor this issue and the developing caselaw.

Based on these grounds, there is no insurance coverage available for the claim.  While we have sought to identify and address above all relevant insurance coverage considerations, the foregoing specificity is not intended and should not be construed as a waiver of any other right or basis which we may have to deny coverage, and we reserve all rights in this regard.


We specifically reserve the right to supplement this denial letter, to litigate any coverage issues, and to apply any and all applicable policy conditions and exclusions.  No action or conduct on the part of [Liberty entity], nor any of its representatives in connection with this matter or otherwise, shall be construed to be or operate by way of an estoppel against its asserting any of its rights or defenses, past, present or future, in any proceeding or action. We also do not waive any of the conditions, requirements, exclusions or limitations of the Policy of insurance or any breach of the Policy, including our right to assert any additional coverage defenses that may be applicable and/or to pursue declaratory relief with the courts, should circumstances so warrant.



If you have any facts or other information that you believe may impact our coverage determination, we request that you bring such information to my immediate attention, so that we may evaluate same and assess whether such information or pleading impacts our coverage determination or obligations.  Our review of any such supplemental information or materials is not a waiver of the terms of this denial letter or any reservation of rights previously raised in this matter.

Should you have any questions or comments concerning this letter, please feel free to call or email me.  My contact information is below.


Sincerely,
Kimberly Vadino
Claims Department

Case ID: 220900751

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

Filed and Attested by the
Office of Judicial Records
26 SEP 2022 09:13 am
B. MERCEDES

WARREN BASKERVILLE                              :
INDIVIDUALLY AND ON BEHALF OF A                 :
CLASS OF SIMILARLY SITUATED PERSONS             :
5367 W. Montgomery Avenue                       :
Philadelphia, PA 19131                          :
                                                :
        vs.                                     :        SEPTEMBER TERM, 2022
                                                :
                                                :        No. 00751
LM GENERAL INSURANCE COMPANY,                   :
Individually and d/b/a LIBERTY MUTUAL           :
100 Lincoln Way West                            :
Mishawaka, IN 46544                             :

## PRAECIPE TO REINSTATE


TO THE PROTHONOTARY:

        Kindly reinstate the attached Writ so that service may be made upon the defendant, LM
General insurance Company, Individually and d/b/a Liberty Mutual.


                                        HAGGERTY,GOLDBERG, SCHLEIFER  &
                                        KUPERSMITH, P.C.


                                        BY:     /s/James C. Haggerty
                                         JAMES C. HAGGERTY, Esquire
                                        PA Attorney I.D. # 30003
                                        1801 Market Street, Suite 1100
                                        Philadelphia, PA  19103
                                        (267) 350-6600
                                        FAX (215) 665-8197


Date:   9/26/22                          Attorney for Plaintiffs


1

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

WARREN BASKERVILLE                          :
INDIVIDUALLY AND ON BEHALF OF A             :
CLASS OF SIMILARLY SITUATED PERSONS         :
                                            :
        vs.                                 :       SEPTEMBER TERM, 2022
                                            :
                                            :       No. 00751
LM GENERAL INSURANCE COMPANY,               :
Individually and d/b/a LIBERTY MUTUAL       :

*Filed and Attested by the
Office of Judicial Records
03 OCT 2022 03:42 pm
S. GILLIAM*

## CERTIFICATE OF SERVICE OF LEGAL PAPERS
## PURSUANT TO PA R.C.P. 403

I, James C. Haggerty, Esquire, Attorney for Plaintiff, certify that a copy of the Complaint as reinstated on September 26, 2022 was sent to Defendant, LM General Insurance Company Individually and d/b/a Liberty Mutual at 175 Berkeley Street, Boston, MA  02116 by Certified Mail, Return Receipt Requested on September 29, 2022. The Complaint was received by the defendant on October 3, 2022. A true and correct copy of the letter to LM General Insurance Company Individually and d/b/a Liberty Mutual and the Certified Mail Return Receipt, Article No.: 7022  2410 0001 3305 4152 with the confirmation from the USPS website is attached hereto as Exhibit A.

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.

DATE: 10/3/22              BY: _____
                               James C. Haggerty, Esquire
                               1801 Market Street, Suite 1100
                               Philadelphia, PA 19103

1

EXHIBIT A

Case ID: 220900751

# USPS Tracking®

Tracking FAQs

## Track Packages
## Anytime, Anywhere

Get the free Informed Delivery® feature to receive automated notifications on your packages
**Learn More**

Remove

Tracking Number:
70222410000133054152
Copy Add to Informed Delivery

## Latest Update

Your item has been delivered and is available at a PO Box at 11:24 am on October 3, 2022 in BOSTON, MA 02116.

## Delivered

Delivered, PO Box
BOSTON, MA 02116
October 3, 2022, 11:24 am
Available for Pickup
BOSTON, MA 02116
October 3, 2022, 11:03 am
Out for Delivery
BOSTON, MA 02116
October 3, 2022, 10:38 am
Arrived at Post Office
BOSTON, MA 02116
October 3, 2022, 10:27 am
Departed USPS Regional Facility
BOSTON MA DISTRIBUTION CENTER
October 2, 2022, 2:53 am
Arrived at USPS Regional Facility
BOSTON MA DISTRIBUTION CENTER
October 1, 2022, 2:44 pm
In Transit to Next Facility
September 30, 2022
Arrived at USPS Regional Facility
PHILADELPHIA PA DISTRIBUTION CENTER
September 29, 2022, 9:02 pm
**Hide Tracking History**

**Text & Email Updates**

**USPS Tracking Plus®**



**HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.**

James C. Haggerty, Esquire
Haggerty, Goldberg, Schleifer, & Kupersmith, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103

Phone : (267) 350 – 6600 ext.142
Fax : (215) 665 – 8201
Email : jhaggerty@HGSKLawyers.com

September 29, 2022

Charles J. Schleifer
James C. Haggerty
Terry D. Goldberg
Richard T. Kupersmith
John J. Beichert
Mark J. Kogan

Ana R. Amarante-Craig *
Renae Axelrod
Beth Bowers *
Matthew D. Colavita *
Scott J. Schleifer *
Jeffrey K. Stanton *
Jason R. Weiss *

Michael Alexanian *
Joseph P. Bradica *
Dennis C. Coyne *
Eileen V. Dooley *
Jared M. Teich *
Angel Torres

Special Counsel
Stephen David

Of Counsel
Bruce I. Kogan
Marshall Kresman *

* Member of NJ Bar

LM General Insurance Company
Individually and d/b/a Liberty Mutual
175 Berkeley Street
Boston, Massachusetts 02116

    Re:   Baskerville v. LM General Insurance Company
         CCP No.
         D/A: 4/15/20 _____

Dear Sir or Madam:

    Enclosed please find a Civil Action – Class Action Complaint relative to the above matter. This Complaint has been filed in the Court of Common Pleas of Philadelphia County. Kindly note that you may wish to secure counsel to file a response to same in accordance with the Pennsylvania Rules of Civil Procedure.

    Service of the Complaint is being made by Certified Mail, Return Receipt Requested, pursuant to the Pennsylvania Rules of Civil Procedure and the International Interstate and Service of Process Act, 42 Pa.C.S.A. § 5321. This service is in compliance with Pennsylvania law. Please note your obligation to respond to this pleading.

    Very truly yours,

    HAGGERTY, GOLDBERG, SCHLEIFER
    & KUPERSMITH, P.C.

    James C. Haggerty
    Dennis C. Coyne



N RECEIPT REQUESTED

1

## Case Description

| | |
|---|---|
| **Case ID:** | 220900751 |
| **Case Caption:** | BASKERVILLE VS LM GENERAL INSURANCE COMPANY |
| **Filing Date:** | Friday , September 09th, 2022 |
| **Court:** | CLASS ACTION |
| **Location:** | CITY HALL |
| **Jury:** | NON JURY |
| | |
| **Case Type:** | CLASS ACTION |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | HAGGERTY, JAMES C |
| **Address:** | 1801 MARKET STREET SUITE 1100 PHILADELPHIA PA 19103 (267)350-6600 jhaggerty@hgsklawyers.com | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | BASKERVILLE, WARREN |
| **Address:** | 5367 W. MONTGOMERY AVENUE PHILADELPHIA PA 19131 | **Aliases:** | *none* | |

|   |   |   |   | DEFENDANT | LM GENERAL INSURANCE COMPANY |
|---|---|---|---|---|---|
| 3 |   |   |   |   |   |
| **Address:** | 100 LINCOLN WAY WEST MISHAWAKA IN 46544 | | **Aliases:** | LIBERTY MUTUAL DBA | |
|   |   |   |   |   |   |
| 4 |   |   |   | TEAM LEADER | DJERASSI, RAMY I |
| **Address:** | ROOM 591 CITY HALL PHILADELPHIA PA 19107 (215)686-7338 | | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 09-SEP-2022 01:57 PM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2209016773 | | |
|   |   |   |   |
| 09-SEP-2022 01:57 PM | COMMENCEMENT OF CIVIL ACTION | HAGGERTY, JAMES C | |
| **Documents:** | Click link(s) to preview/purchase the documents<br>Final Cover | | |
| **Docket Entry:** | *none.* | | |
|   |   |   |   |
| 09-SEP-2022 01:57 PM | COMPLAINT FILED NOTICE GIVEN | HAGGERTY, JAMES C | |

| Documents: | Click link(s) to preview/purchase the documents<br>Complaint to be filed<br>20220909134954837.pdf |
|---|---|
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. |

| 09-SEP-2022 01:57 PM | WAITING TO LIST CASE MGMT CONF | HAGGERTY, JAMES C | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 26-SEP-2022 09:13 AM | PRAECIPE TO REINSTATE CMPLT | HAGGERTY, JAMES C | |
|---|---|---|---|
| Documents: | Click link(s) to preview/purchase the documents<br>Praecipe to reinstate 092622.pdf<br>Cover sheet as filed t86yN2NgE.pdf<br>Complaint as filed u63xP5ObG.pdf | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF WARREN BASKERVILLE) | | |

| 03-OCT-2022 03:42 PM | AFFIDAVIT OF SERVICE FILED | HAGGERTY, JAMES C | |
|---|---|---|---|
| Documents: | Click link(s) to preview/purchase the documents<br>Certificate of service upon defendant 20221003154051564.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON LM GENERAL INSURANCE COMPANY BY CERTIFIED MAIL ON 10/03/2022 FILED. (FILED ON BEHALF OF WARREN BASKERVILLE) | | |